# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **JEFFERY THOMAS LAWSON,** | ) | |
| | ) | |
| Petitioner, | ) | Case No. 7:15CV00443 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **STANLEY K. YOUNG, WARDEN,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Respondent. | ) | |

*Jeffery Thomas Lawson, Pro Se Petitioner; Christopher P. Schandevel, Assistant Attorney General, Office of the Attorney General, Richmond, Virginia, for the Respondent.*

The petitioner, a Virginia inmate proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. The petitioner attacks his 2014 convictions for the assault and battery and unlawful wounding of his girlfriend. Upon review of the parties' submissions and records from the trial court and the Supreme Court of Virginia, I conclude that the respondent's Motion to Dismiss must be granted.

I.

In the early morning hours of August 12, 2013, Darcie G. Flanary, an officer of the Big Stone Gap, Virginia, Police Department, lodged a Criminal Complaint against Jeffery Thomas Lawson in the Juvenile and Domestic Relations Court ("J&DR court") for Wise County, reciting as follows:

On 12 August 2013 I was dispatched to Lonesome Pine Hospital in reference to an assault that had already taken place. Upon arrival I spoke with Marcie Evans who is a patient at Lonesome Pine Hospital. Evans is covered in bruises and has two black eyes. Her chest is black and blue. Her left ear has been bleeding but has since stopped. There are bruises around her right collar bone, on her left shoulder and arm, her back and right buttocks. There are numerous bruises on the front and back of both legs. Evans stated that she was at her apartment yesterday when Jeffery Thomas Lawson came in and started beating on her. There have been numerous accusations of assault by Evans in the past. Evans and Lawson used to live together as boyfriend and girlfriend but have been apart for approximately one month. While I was at the hospital, Lawson called Evans' phone 5 times. I answered the phone the second time it rang and told Lawson who I was and asked him not to call Evans again. He called 3 more times after that. Myself and Officer Taylor went to Lawson's residence. Lawson denied having assaulted Evans. I observed faint marks on Lawson's hands that could have been obtained in an assault. At first Lawson stated that he hadn't been out of the house during the day and then he stated that he and his girlfriend had been fishing earlier. Placed Lawson under arrest for domestic assault. I am also requesting an emergency protective order. After having been read his rights Lawson stated he has assaulted Evans more times than he could count.

(Criminal Compl., ECF No. 16-1, p. 6-7.)

At Lawson's preliminary hearing, Officer Flanary testified about events at the hospital and at Lawson's home on August 11, 2013.[1] Flanary also showed the court the photographs she had taken of Evans' injuries. Evans testified that Lawson had beaten her on two occasions — August 9 and 11, 2013. She testified that on the earlier occasion, Lawson had thrown her into a door and then to the

---

[1] Flanary testified: "After I read [Lawson] his Miranda rights, he admitted that he had beat [Evans] too many times to count in the past but he didn't do it this time." (Prelim. Hr'g Tr., ECF No. 15-1, p. 58.)

floor, causing an injury to her right shoulder and bruises all over her body, which two neighbors had observed. Evans testified that on August 11, 2013, Lawson had punched her in the eye, slapped her face and ear, causing it to bleed, and shoved her around. Evans testified that although the shoulder injury had occurred on August 9, she went to the emergency room after the August 11 incident, because her shoulder started "hurting real bad." (Prelim. Hr'g Tr., ECF No. 15-1, p. 65.) Medical records presented to the court indicated that Evans' right collar bone was broken.

The J&DR court found probable cause to bind over Lawson's case to the grand jury. After the hearing, Flanary filed a supplemental report about the fact that Evans' collar bone was broken. Flanary notified Lawson's attorney that as a result of this injury, a charge of malicious wounding would be presented to a grand jury.

On October 21, 2013, the grand jury returned an Indictment, charging Lawson with assault and battery of a family or household member, third offense, "on or about August 11, 2013," in violation of Virginia Code § 18.2-57.2 (Count One), and malicious wounding "by use of his fists, with the intent to maim, disfigure, disable or kill, "on or about August 11, 2013," in violation of Virginia Code § 18.2-51 (Count Two). (Indictment, ECF No. 16-1, p. 19.) Count One

carried a maximum sentence of five years in prison, while Count Two carried a maximum sentence of twenty years in prison.

Lawson entered into a written Plea Agreement under which the prosecution agreed to amend the malicious wounding charge to unlawful wounding, with a maximum sentence of five years in prison, in exchange for Lawson's pleas of guilty to Count One and Count Two as amended. Under the agreement, Lawson would be sentenced to five years on each offense, but with all but three years of the total ten-year sentence suspended

Lawson, with counsel, came before the Circuit Court for Wise County on January 13, 2014. The judge read aloud Count One and Count Two as amended, reviewed the elements the Commonwealth would have to prove at trial, stated the maximum punishment of five years in prison, and asked Lawson, "How do you plead to that charge?" (Sentencing Tr., ECF No. 16-1, p. 90.) On each count, Lawson answered, "Guilty." (*Id.*)

Before accepting the guilty pleas, the judge questioned Lawson and told him to ask the judge or his attorney for an explanation of anything that he did not understand. Lawson affirmed his age, his completion of the eleventh grade, and his understanding of the charges and what the Commonwealth would have to prove. He affirmed that he had discussed with his attorney the charges, their elements, possible defenses, and whether or not he should plead guilty. Lawson

-4-

also affirmed that after these discussions, he had decided for himself to plead guilty, and that he was doing so freely and voluntarily because he was "in fact guilty of the crimes charged." (*Id.*, ECF No. 16-1, p. 92.)

The judge then reviewed with Lawson the trial and appeal rights that he was waiving by entering guilty pleas, the possibility that the convictions would result in revocation of his probation, and the maximum sentences he faced, and Lawson affirmed that he understood. Lawson denied that anyone had threatened him or forced him to enter his guilty pleas or made any promises about the guilty pleas. Lawson affirmed that he understood the terms of the Plea Agreement and denied having any questions about them. At this point, through counsel, Lawson stipulated that the facts were sufficient to support a finding of unlawful wounding and of assault and battery of a household member, third offense.

Based on the foregoing colloquy and stipulation, the judge told Lawson, "I'm making a finding here on the record that you know what you're doing in taking this plea, so I'm going to accept it. . . . [and] find you guilty" of the charges. (*Id.*, ECF No. 16-1, p. 96.) By Order entered January 16, 2014, the state court convicted Lawson of assault and battery of a family member, third offense, and unlawful wounding and sentenced him to an active term of three years in prison, pursuant to the Plea Agreement. Lawson did not appeal.

Lawson filed a pro se Petition for a Writ of Habeas Corpus in the Supreme Court of Virginia on November 13, 2014.[2] (Record No. 150094, ECF No. 15.) The Supreme Court construed his petition as alleging a double jeopardy violation, involuntary guilty pleas, and ineffective assistance of counsel. Based on the record and an affidavit from defense counsel, the Supreme Court found no basis for habeas relief, granted the Motion to Dismiss, and denied Lawson's motion seeking to set aside the judgment and grant a rehearing.

Lawson next filed this timely § 2254 petition, alleging the following grounds for relief:

(a) The petitioner's convictions violated the Double Jeopardy Clause of the Constitution because the underlying acts for both offenses occurred on the same date, at the same location, and involved the same victim;

(b) The petitioner's guilty pleas were not knowing and voluntary because the psychotropic medication he was taking and his unspecified mental illness prevented him from having the capacity to understand the elements of the offenses;

(c) Counsel provided ineffective assistance of counsel by: (1) failing to inform the petitioner that he could not be convicted of both assault and battery and unlawful wounding, because unlawful wounding is a lesser-included offense of unlawful wounding and each offense occurred on the same date, at the

---

[2] Lawson also filed a Petition for a Writ of Habeas Corpus in the state circuit court on November 13, 2014, along with several motions, among other things, seeking to proceed in forma pauperis. On December 29, 2014, the circuit court denied Lawson's in forma pauperis motion and returned his paperwork to him, with direction that he not resubmit it without the proper filing fee.

> same place, and involved the same victim; (2) failing to explain to the petitioner the elements of the offenses; (3) failing to investigate the petitioner's competency; (4) failing to give accurate advice concerning the Plea Agreement; (5) failing to turn over all available discovery material to the petitioner; and (6) failing to explain how the grand jury got malicious wounding in the indictment.

The respondent has moved to dismiss, and Lawson has responded, making the matter ripe for consideration.

## II.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing 28 U.S.C. § 2254(b)(1)) Exhaustion requires presenting "to the state court both the operative facts and the controlling legal principles." *Kasi v. Angelone*, 300 F.3d 487, 501-02 (4th Cir. 2002) (internal quotation marks and citation omitted). The federal habeas court may, however, deny relief on meritless claims without requiring the petitioner to return to state court to complete the exhaustion process there. *See* 28 U.S.C. § 2254(b)(2).

The respondent admits that Lawson's Claims (a), (b), (c)(1), and (c)(2) are exhausted as required under § 2254(b)(1), because Lawson presented them to the Supreme Court of Virginia in his state habeas petition. Lawson's Claims (c)(3), (c)(4), (c)(5), and (c)(6) are not exhausted, because he never presented these

contentions to the Supreme Court of Virginia. Because I conclude that these claims are without merit, however, I will summarily dismiss them as such, without requiring Lawson to return to state court for exhaustion purposes.[3]

III.

To obtain federal habeas relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under 28 U.S.C. § 2254(d), however, the federal habeas court may not grant a writ of habeas corpus based on any claim that a state court decided on the merits unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

---

[3] If the respondent had established that the state courts would now dismiss these unexhausted claims as procedurally defaulted under state law, I could treat them as simultaneously exhausted and defaulted for purposes of federal habeas review. *See Baker*, 220 F.3d at 288 (applying *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996)). The respondent has not so argued. Because Lawson's petition includes a mix of exhausted and unexhausted claims, I could also dismiss the entire petition without prejudice or require him to amend to pursue only exhausted claims in this habeas proceeding. *See Rose v. Lundy*, 455 U.S. 509 (1982). Because I find the unexhausted claims to be without merit, I do not find that these procedures are warranted in Lawson's case. *See also Rhines v. Weber*, 544 U.S. 269, 277 (2005) (noting that staying an unexhausted § 2254 case pending exhaustion is not appropriate where the petitioner's "unexhausted claims are plainly meritless").

28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 403-13 (2000). Under the deferential § 2254(d) standard, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation marks and citation omitted).

In his first state habeas claim, as in his federal Claim (a), Lawson contended that his convictions violated double jeopardy principles because they arose from offense conduct on the same date at the same place involving the same victim. The Supreme Court of Virginia held this claim "barred because a voluntary and intelligent guilty plea waives all non-jurisdictional defenses antecedent to a guilty plea." *Lawson v. Young*, Record No. 150094 (Va. July 14, 2015). (ECF No. 15-2, p. 42.) It is well established that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (denying habeas relief after a guilty plea, notwithstanding valid constitutional challenge to grand jury's composition). Because I find that the state court's adjudication represents a reasonable

application of established federal law, I will grant the Motion to Dismiss as to Lawson's federal Claim (a) under § 2254(d).[4]

The Supreme Court of Virginia addressed Lawson's second habeas claim as follows:

> In claim (b), petitioner contends his guilty pleas were not knowing and voluntary because he was taking Elavil, an antidepressant drug, and was suffering from an unspecified mental illness, and as a result, did not "understand the elements of the charges against" him when he entered his pleas.
>
> The Court rejects claim (b) because petitioner does not articulate how Elavil and his alleged unspecified mental illness rendered his pleas unknowing or involuntary, and petitioner fails to identify any other valid reason why he should not be bound by his representation at trial that he had discussed the charges and their elements with counsel, understood what the Commonwealth must prove for him to be found guilty, and that his guilty pleas were voluntary.

*Lawson*, Record No. 150094 (ECF No. 15-2, p. 43).

Again, I find that the state court's adjudication squares with established federal law. Lawson must overcome high hurdles to prevail in a claim that contradicts his sworn statements during the guilty plea colloquy.

> [T]he representations of the defendant, his lawyer, and the prosecutor at such a hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

---

[4] I will, however, address separately Lawson's claim of ineffective assistance on this double jeopardy issue. *Id.* at 268-69 (recognizing actionable federal habeas claim for ineffective assistance regarding guilty plea proceedings).

-10-

> allegations unsupported by specifics is subject to summary dismissal,
> as are contentions that in the face of the record are wholly incredible.

*Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) (citations omitted). A petitioner is entitled to an evidentiary hearing on a guilty plea challenge only if he supports his habeas claim with "specific factual allegations" that are not "so palpably incredible" or "so patently frivolous or false" in light of the petitioner's plea hearing statements "as to warrant summary dismissal." *Id.* at 76 (internal quotation marks and citations omitted).

The legal test for mental competency is whether, at the time of the challenged court proceeding, the petitioner had "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and whether he had "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960) (internal quotation marks omitted). To warrant an evidentiary hearing on mental competency claims in his habeas petition, the petitioner must present "clear and convincing evidence" that is "both positive and unequivocal" and "creates a real, substantial, and legitimate doubt with respect to the petitioner's mental capacity and ability to assist his counsel at trial." *Lawson v. Dixon*, 3 F.3d 743, 753-54 (4th Cir. 1993).

Lawson simply fails to present such evidence. He states that because of his medication for bipolar disorder and depression, he was having trouble thinking and relied on signals from his attorney to make appropriate answers during the plea

colloquy.[5] Lawson does not point to any particular item or concept presented to him during the colloquy that he did not understand.[6] Likewise, the transcript of the proceeding does not reflect any behavior or response from Lawson suggesting lack of understanding on his part. He repeatedly affirmed that he understood the charges, their elements, and the Plea Agreement terms and had no questions for counsel or the court.

I find Lawson's belated and conclusory allegations of foggy thinking to be in complete contradiction of his prior sworn statements. These self-serving, unsupported allegations do not constitute "clear and convincing evidence" creating any "legitimate doubt" as to Lawson's mental competency to consult with counsel and comprehend the guilty plea proceedings. Accordingly, I conclude that Lawson is bound by his statements during the colloquy indicating his entry of a knowing and voluntary guilty plea. As the state court's disposition of Lawson's guilty plea challenge was not contrary to, or an unreasonable application of federal law, or

---

[5] Lawson also faults the trial judge for not asking if mental illness or medication that might interfere with Lawson's ability to understand the proceedings. I find no significance to this omission, given Lawson's responses in court indicating his full understanding of the proceedings.

[6] In his description of this claim, Lawson complains that he was not informed that one charge was a lesser included offense of the other. This alleged lack of information does not relate to his claim of mental incapacity to understand the guilty plea proceedings. Therefore, I will address this issue only in discussing Lawson's claims of ineffective assistance of counsel.

-12-

based on an unreasonable determination of the facts, I will grant the Motion to Dismiss as to Lawson's federal Claim (b).

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, the petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances and facts known to counsel at the time of the representation. *Id.* at 687-88. The petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. When the petitioner alleges that counsel's error led him to enter an invalid guilty plea, he can show prejudice only by demonstrating "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This inquiry is objective: "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010); *Hooper v. Garraghty*, 845 F.2d 471, 475

-13-

Case 7:15-cv-00443-JPJ-RSB   Document 20   Filed 06/20/16   Page 13 of 19   Pageid#: 694

(4th Cir. 1988) ("Although [the prejudice test in *Hill*] focuses the inquiry on a subjective question, the answer to that question must be reached through an objective analysis.")

Lawson's first claim of ineffective assistance asserts that counsel failed to advise him that he could not be convicted of both assault and battery and unlawful wounding for acts that involved the same victim in the same date and place because the former offense was a lesser-included offense of the latter. The Supreme Court of Virginia rejected this claim under both prongs of the *Strickland*/*Hill* standard:

> The record, including the transcript of the preliminary hearing, the indictments, and the affidavit of counsel, demonstrates that [Lawson] assaulted the victim on two separate dates, August 9, 2013, and August 11, 2013, each resulting in significant injury. Although the indictments alleged both offenses occurred on or about August 11, 2013, counsel reasonably determined this language was sufficient to encompass both offense dates, and that the trial court would, if asked, permit the Commonwealth to amend the indictments to include both dates. In addition, assault and battery of a family member, third subsequent offense, unlike simple assault and battery, is not a lesser-included offense of unlawful wounding.

*Lawson*, Record No. 150094 (ECF No. 15-2, pp. 43-44). Lawson fails to make the necessary showings under § 2254(d) that this disposition was legally or factually unreasonable.

It is well established that multiple convictions or punishments for a single course of conduct do not violate the Double Jeopardy Clause if "each [offense]

requires proof of a fact which the other does not."[7]  *Blockburger v. United States*, 284 U.S. 299, 304 (1932).  Lawson's assault and battery of a family member, third offense, required proof of his prior relationship with the victim and his past convictions — elements not required for a conviction of unlawful wounding.  *See* Va. Code §§ 18.2-57.2 and 18.2-51.  Moreover, counsel's conclusion that Lawson could be lawfully convicted of both offenses based merely on his conduct on August 11, 2013, or for his conduct on both dates under the broad wording of the Indictment or under an Amended Indictment,[8] was neither deficient nor prejudicial under *Strickland*/*Hill*.  Because the state court's adjudication was not contrary to, or an unreasonable application of federal law, or based on an unreasonable determination of the facts,, I will grant the Motion to Dismiss as to Lawson's federal Claim (c)(1).

---

[7]  Stated another way, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Blockburger*, 284 U.S. at 304 (internal quotation marks and citation omitted.)

[8]  *See, e.g., Marlow v. Commonwealth*, 347 S.E.2d 167, 171-72 (Va. App. Ct. 1986) (concluding that even if defendant established alibi for February 17, evidence supported conclusion that crimes occurred sometime in February, making conviction proper under indictment charging that offense occurred "on or about February 17"); Va. Code § 19.2-231 (allowing amendment of indictment to correct "any variance between the allegations therein and the evidence offered in proof thereof . . . at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, provided the amendment does not change the nature or character of the offense charged").

In rejecting Lawson's allegation in federal Claim (c)(2), alleging counsel's failure to explain the charges, the Supreme Court of Virginia found that Lawson had "failed to offer a valid reason why he should not be bound by his representations at trial that he had discussed the charges and their elements with counsel, he understood what the Commonwealth must prove for him to be found guilty, and that his counsel's performance was adequate." *Lawson*, Record No. 150094 (ECF No. 15-2, p. 44.) Because this adjudication was not contrary to, or an unreasonable application of federal law, *see Blackledge*, 431 U.S. at 76, or based on an unreasonable determination of the facts, I will grant the Motion to Dismiss under § 2254(d) as to Lawson's federal Claim (c)(2).

In his remaining, unexhausted claims of ineffective assistance by counsel, Lawson contends that his attorney should have better explained the Plea Agreement and the evidence before the grand jury, should have discussed all discovery material with Lawson, and should have investigated Lawson's competency, based on his medication and mental health history. Specifically, Lawson complains that counsel did not show him all the police reports obtained in discovery. These reports indicate that Evans only told Officer Flanary about Lawson's conduct on August 11, 2013, and that Flanary learned only after the preliminary hearing that Evans' collar bone was broken.

I may summarily dismiss these unexhausted claims under § 2254(d)(2) if I find them to be without merit under *Strickland/Hill*, and I so find. The record establishes that Lawson's counsel made reasonable, tactical decisions and offered Lawson reasonable professional advice that the Plea Agreement promised the best possible outcome for Lawson. Counsel reasonably believed that the victim's testimony about beatings on two days, the photographs of her injuries from both incidents, and the broad wording of the indictments would allow Lawson to be tried and likely convicted on both charged offenses. If convicted at trial on the malicious wounding charge of the Indictment alone, Lawson faced a much longer sentence than the Plea Agreement offered, with its reduction of the wounding charge and its guarantee of lower and mostly suspended sentences. Lawson fails to demonstrate how additional review of the police reports with Lawson would have changed counsel's conclusion that a plea bargain was the most favorable course of action. Lawson also fails to show any reason counsel had to suspect that his client was not mentally competent to understand the Plea Agreement and proceed with the plea hearing. Thus, I conclude that Lawson has not shown how counsel's representation was professionally deficient in the ways alleged.

Moreover, I also conclude that Lawson has not demonstrated prejudice under *Strickland*/*Hill*. No reasonable defendant in Lawson's circumstances would have rejected the benefits the Plea Agreement offered: a reduced charge,

substantially less sentence exposure, and only three years of prison time. Without the agreement, Lawson faced the likelihood of conviction at trial on both of the original charges and a sentence of up to 25 years in prison. Given the strength of the Commonwealth's evidence at the preliminary hearing, Lawson simply has not shown any likelihood of achieving acquittal at trial on either of the two charges. The only defense he has offered for trial consists of his statement to Flanary that he had been away fishing on August 11, 2013, so he could not have beaten Evans that day — statements that are directly refuted by Evans' testimony and the defensive wounds Flanary observed on Lawson's hands.

Thus, I find no evidence of deficient performance and no reasonable probability that absent counsel's omissions alleged in his unexhausted claims, Lawson would have rejected the Plea Agreement and insisted on going to trial under the Indictment. Therefore, I conclude that these claims are without merit under *Strickland/Hill*, and accordingly, under § 2254(e)(2), I will grant the Motion to Dismiss as to Lawson's Claims (c)(3), (c)(4), (c)(5), and (c)(6).

IV.

For the stated reasons, I conclude that the Motion to Dismiss must be granted and the Petition denied.

A separate Final Order will be entered herewith.

DATED: June 20, 2016

/s/ James P. Jones
United States District Judge